IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN PEETZ , | ) | 4:04CV3209 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOANN NOONAN, | ) | |
| | ) | |
| Defendant. | ) | |

Dawn Peetz, a probationary employee of the State of Nebraska Military Department ("Military Department"), was terminated from her job as a billeting clerk one day before her probationary period would have expired. Peetz had participated in an investigation regarding improper use of government property by Joann Noonan. Noonan was the business manager of the Military Department and Peetz's immediate supervisor. Peetz asserts that Noonan caused her to be fired in retaliation for Peetz's participation in the investigation of Noonan, in violation of 42 U.S.C. § 1983 and her First Amendment right to speak out regarding matters of public concern. This action is before the court upon Noonan's motion for summary judgment (filing 75). For the reasons set forth below, I will grant summary judgment to Noonan.

Noonan has submitted a brief and evidence in support of her motion. Peetz has not responded to the motion. Although failure to respond is not a confession of the motion, it has two consequences here. First, Peetz's failure to controvert the properly referenced facts in Noonan's statement of facts means that those facts are deemed admitted. NECivR56.1(b)(1). Second, if I find that Noonan's motion is properly supported (and I do), then Peetz's failure to respond means that I must grant summary judgment. When a motion for summary judgment is made and properly supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.

P. 56(e). In the absence of a response by the nonmoving party, summary judgment "shall be entered against the adverse party." Id. Put another way, "[i]n order to withstand a motion for summary judgment, nonmoving parties must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992), cert. denied, 507 U.S. 913 (1993)).

In a retaliation case, if a plaintiff establishes that "his [or her] protected conduct was a 'substantial' or 'motivating' factor, the burden shifts to the employer to show that it would have reached the same decision in the absence of the protected conduct." Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Norbeck v. Basin Elec. Power Coop., 215 F.3d 848, 851-52 (8th Cir. 2000) (quoting the Mt. Healthy standard and finding that the Civil Rights Act of 1991 did not change the analysis applicable to retaliation claims). The undisputed facts in Noonan's statement of facts, together with the evidence submitted by affidavit, establish that Peetz would have been fired in the absence of her protected conduct. The three people involved in Peetz's termination all stated they recommended termination, or chose to terminate, for legitimate business reasons other than Peetz's participation in the investigation of Noonan.

Col. David Peterson was the final line of supervision over Peetz and Noonan, who both worked at Camp Ashland. He was aware that Peetz had reported Noonan for using rooms in the billets without paying for them. He encouraged the reporting of improper activities and considered Peetz's reporting of Noonan as a positive act. (Filing 77, Ex. 2, ¶¶ 2,3,5.) Notwithstanding Peetz's reporting of Noonan's improper conduct, Col. Peterson recommended that Peetz not be retained as a full-time employee. He based this upon the recommendation of MSG Chris Saltzgaber. (Filing 77, Ex. 2 ¶¶ 4,7.) Col. Peterson stated that his decision in recommending that Peetz

not be made a permanent employee was not influenced by Peetz's reporting of Noonan. (Filing 77, Ex. 2 ¶ 6.)

MSG Saltzgaber stated that his decision to recommend that Peetz not be extended a permanent position was predicated upon his experiences at Camp Ashland. He reported that Peetz had a volatile personality and did not get along with her supervisors, he had received complaints from students that Peetz had been rude to them, and that Peetz did not get along with her fellow employees. These negative experiences were unrelated to Peetz' participation in the Noonan investigation, MSG Saltzgaber stated that he did not consider the fact that Peetz had participated in the investigation of Noonan in making his recommendation. (Filing 77, Ex. 1 ¶¶11-13.

Noonan stated that she recommended that Peetz be terminated because she was insubordinate, threatened her, and created a hostile work environment–actions unconnected to Peetz's participation in the investigation of Noonan. Noonan explicitly stated that in making her recommendation, she did not consider the fact that Peetz had participated in her investigation. (Filing 77, Ex. 3 ¶¶11-12 & Attachment 4.)

For the reasons set forth above,

IT IS ORDERED:

1. Noonan's motion for summary judgment (filing 75) is granted; and

2. Judgment shall be entered by separate document.

March 3, 2006.            BY THE COURT:

                                                 *s/Richard G. Kopf*
                                                 United States District Judge